UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTANO ALEXEIS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CALIFORNIA CITY, *et al.*, <br><br> Respondents. | Case No.   1:26-cv-03599 (EJD) <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Re: Dkt. No. 1 |

This habeas action concerns the detention of Petitioner Otano Alexeis, a noncitizen who has lived in the United States for at least twenty-five years. *See* Dkt. 5-2 at 1. Petitioner was convicted for possessing a firearm without a warrant on June 24, 2021. *See* Dkt. 5-1. He was subsequently re-detained by U.S. Immigration and Customs Enforcement ("ICE") on April 27, 2026. Respondents maintain that Petitioner's continued detention is mandatory under 8 U.S.C. § 1226(c) due to his 2021 conviction. This matter is before the Court on Petitioner's writ of habeas corpus, in which he seeks a bond hearing before a neutral arbiter. *See* Dkt. 1. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus.

## I.    BACKGROUND

The instant action arises from Petitioner's allegedly unlawful detention. *See* Dkt. 1. On May 14, 2004, Petitioner was "accorded Lawful Permanent Resident status of the United States as of February 17, 2001." Dkt. 5-2 at 1. During his over twenty-five years living in the United States, Petitioner has started a family and is the primary financial provider for his household. Dkt. 1 at 6. He was also recently diagnosed with cancer, and claims that he has not been receiving proper treatment for the disease while in detention. *Id*.

Case No.: 1:26-cv-003599-EJD

1

In 2021, Petitioner was convicted for possessing a firearm without a license and sentenced to six months of probation. *See* Dkt. 5-2 at 7–8; Dkt. 10 at 2. In sentencing Petitioner, the trial court noted that Petitioner was "not likely to engage in a criminal course of conduct" such that a sentence of probation, rather than jail time, was appropriate. Dkt. 5-2 at 7. Petitioner completed his probation six months later, and has had no arrests, criminal charges, or convictions since. Dkt. 10 at 2.

On September 4, 2025, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, charging him with removability due to his 2021 conviction. Dkt. 5-2 at 1. Following the notice, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on April 27, 2026. Dkt. 1 at 4. Respondent maintains Petitioner is currently being held subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). *See* Dkt. 5.

Petitioner, proceeding pro se, filed this petition for writ of habeas corpus on May 11, 2026 challenging the lawfulness of his ongoing detention and seeking injunctive relief in the form of immediate release or a bond hearing in the alternative. *See* Dkt. 1. On May 13, 2026, Respondent filed an Opposition to the Petition. *See* Dkt. 5. After being appointed counsel, Petitioner filed his reply on May 27, 2026. *See* Dkt. 10.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

Case No.: 1:26-cv-003599-EJD

<div style="writing-mode: vertical">United States District Court
Eastern District of California</div>

*Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

### A.   Detention Under 8 U.S.C. § 1226(c)

Under § 1226(c), detention is mandatory where a noncitizen "is deportable by reason of having committed any offense covered" in § 1227(a)(2)(C). 8 U.S.C. § 1226(c)(1)(B). Section 1227(a)(2)(C) provides that "[a]ny alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive ... in violation of any law is deportable." 8 U.S.C. § 1227(a)(2)(C). Under this provision, non-citizens may be released "only if the Attorney General decides ... that release ... is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation ... and the alien will not pose a danger to the safety of other[s] ... and is likely to appear for any scheduled proceeding." *Id.* at § 1226(c)(4). "Thus, noncitizens detained under this category are not entitled to bond hearings as those detained under § 1226(a) are." *Kakkar v. Chestnut*, No. 1:25-CV-1627 JLT SAB, 2025 WL 3638298, at *4–5 (E.D. Cal. Dec. 15, 2025); *see also*, *Jennings v. Rodriguez*, 583 U.S. 281, 303–304 (2018) ("By expressly stating that the covered aliens may be released 'only if' certain conditions are met, § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions.") (emphasis in original).

Given Petitioner's conviction for illegal possession of a firearm, there seems to be no dispute that § 1226(c) governs Petitioner's detention. *See* Dkt. 10 at 3 ("Petitioner does not dispute that § 1226(c), rather than § 1226(a), governs his detention."). Rather, Petitioner argues that "[e]ven under § 1226(c), the Due Process Clause requires that" he be afforded "a hearing before a neutral decisionmaker to determine whether continued detention is justified." *Id*. As such, the Court turns to whether application of the mandatory detention scheme under 8 U.S.C. § 1226(c) to Petitioner comports with due process or if Petitioner must be afforded a bond hearing.

Case No.: 1:26-cv-003599-EJD

United States District Court
Eastern District of California

### B.      Procedural Due Process

Respondents do not engage with Petitioner's as-applied due process challenge to the application of § 1226(c) without a bond hearing, and instead simply argue that he is subject to mandatory detention under the statute because of his 2021 conviction for illegal possession of a firearm. *See* Dkt. 5. In *Nielsen v. Preap*, the Supreme Court analyzed the statutory text of 8 U.S.C. § 1226(c) and found that the Ninth Circuit's interpretation—namely, that criminal aliens not arrested immediately upon release from criminal custody are exempt from § 1226(c)'s mandatory detention scheme, and are thus entitled to a bond hearing—is wrong. 586 U.S. 392, 396 (2019). In so holding, however, the Supreme Court noted that its decision, "on the meaning of that statutory provision[,] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute." *Id*. at 420. As such, courts may grant as-applied due process challenges and find that detention without a bond hearing under § 1226(c) is unconstitutional, even for noncitizens with severe convictions. *See e.g., Perera v. Jennings*, No. 21-cv-04136-BLF, 2021 WL 2400981, at *4 (N.D. Cal. June 11, 2021); *Pham v. Becerra*, No. 23-cv-01288-CRB, 2023 WL 2744397, at *5 (N.D. Cal. March 31, 2023); *Carballo v. Andrews*, No. 1:25-cv-00978-KES-EPG, 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025). The Court does the same here.

Petitioner's as-applied due process challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

#### 1.      Liberty Interest

Here, Petitioner has been a lawful permanent resident since August 10, 2010. (*See* ECF No. 1 at 5; ECF No. 9-1 at 2.) His liberty interest has been strengthened with time. As this Court and numerous other courts have concluded, individuals who have been released from immigration custody have a protected liberty interest in remaining out of custody. *See, e.g.*, *Acosta v. Warden*

Case No.: 1:26-cv-003599-EJD

United States District Court
Eastern District of California

*of the Golden State Annex Detention Facility*, No. 1:26-cv-00530-TLN-EFB, 2026 WL 350831, at *3 (E.D. Cal. Feb. 9, 2026); *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (citing cases); *Marco Antonio B.R. v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-00810-TLN-CSK, 2026 WL 1091489, at *2 (E.D. Cal. Apr. 22, 2026) (finding Petitioner obtained liberty interesting through legal permanent resident status). Thus, the Court finds Petitioner has an established liberty interest in his continued freedom.

### 2.    *Mathews* Factors

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in remaining free from detention, as discussed above. Petitioner has established a life in the United States, as he notes his family, whom he financially supports, lives in the United States with him. Dkt. 1 at 6. Thus, Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly); *Perera v. Jennings (Perera II)*, 598 F. Supp. 3d 736, 745 (N.D. Cal. 2022) (quoting *Rajnish v. Jennings*, 2020 WL 7626414, at *6 (N.D. Cal. Dec. 22, 2020) ("Any length of detention implicates the same fundamental liberty interest in remaining free from imprisonment.") (cleaned up)).

For the second factor, the risk of erroneous deprivation is considerable given Petitioner has likely not received any hearing, either pre- or post-detention. "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or

Case No.: 1:26-cv-003599-EJD

United States District Court
Eastern District of California

danger to the community." *Carballo*, 2025 WL 2381464, at *7 (citing *Zadvydas*, 533 U.S. at 690; *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023)). Though it is not this Court's role to determine whether Petitioner is a danger or flight risk, without a redetermination before an immigration judge, the risk of erroneous deprivation is high.

The final *Mathews* factor also weighs in Petitioner's favor. "While the Government's interest in enforcing the nation's immigration laws is significant, that interest is not at stake here; instead, it is the much lower interest in detaining [Petitioner] pending removal without a bond hearing." *Perera II*, 598 F. Supp. 3d at 746 (citing *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019)); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost, *Doe*, 787 F. Supp. 3d1094, and "Requiring the government to provide [Petitioner] with a bond hearing does not meaningfully undermine the government's interest in detaining non-citizens who pose a danger to the community or are a flight risk." *Perera I*, 2021 WL 2400981, at *5. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing. *See Caraballo*, 2025 WL 2381464, at *8. Respondents have not provided such a hearing. Therefore, Respondents have denied Petitioner the "fundamental requirement of due process ... the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333.

## IV.   CONCLUSION AND ORDER

Accordingly, the Petitioner for Writ of Habeas Corpus is GRANTED. IT IS HEREBY ORDERED:

1.   Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner for more than seven days from the date of this Order without a bond hearing before a neutral fact-finder at which Respondents bear the burden to justify Petitioner's detention by clear

Case No.: 1:26-cv-003599-EJD

United States District Court
Eastern District of California

and convincing evidence that Petitioner poses a danger to the community or a flight risk. *See Perera I*, 2021 WL 2400981, at *6 (explaining basis for burden). The fact-finder must also consider Petitioner's financial circumstances for bond and alternative conditions of release. *See Hernandez*, 872 F.3d at 991. At any such hearing, Petitioner shall be allowed to have counsel present. If Petitioner is not found to be a danger to society or flight risk, Respondent must immediately release Petitioner.

2.      If Petitioner is released, Respondents are further ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future. At any such hearing, Petitioner shall be allowed to have counsel present.

**IT IS SO ORDERED.**

Dated: June 4, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California

Case No.: 1:26-cv-003599-EJD